FILED
April 13, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002556355

TIMOTHY J. WALSH (SBN 69509 )
ATTORNEY AT LAW
1319 TRAVIS BLVD
FAIRFIELD, CA. 94533
TEL: 707 429-1990
FAX: 707 429-1998
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| GABRIEL BALANAG  )<br>  )<br>AIDA BALANAG  )<br>  )<br>  )<br>Debtor.  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  ) | Case No: 10-20425<br>MOTION TO<br>COMPEL ABANDONMENT OF ASSETS<br>OF THE ESTATE 2009 INCOME TAX<br>REFUNDS<br>TJW-1<br>DATE: MAY 11, 2010<br>TIME: 9:30 AM<br>DEPT   C<br>COURTROOM 35<br>JUDGE CHRISTOPHER M. KLEIN<br>11USC554 |

DEBTOR'S MOTION TO COMPEL TRUSTEE TO ABANDON ASSETS OF THE ESTATE, TO WIT: 2009 INCOME TAX REFUNDS

Debtors hereby move the Court for an order to compel the trustee to abandon the assets of property of the estate, to wit:  2009 FEDERAL INCOME TAX REFUND $15,011.00, AND STATE INCOME TAX REFUND $4,506, hereinafter referred to as the 2009 income tax refunds, or simply, Refunds.

The basis of the motion is that the 2009 Income Tax Refunds are declared by the debtors as Exempt under CCP703.140(b)(5) in the amount of $19,517.00.

A] Debtors filed the chapter 7 petition on January 8, 2010.

In said petition, the debtors did not list the 2009 tax refund as an asset, nor did the debtors exempt the same. Debtors, at the time of the preparation and filing of the original petition, had no idea that they would receive a refund, especially to the substantial extent it turned out to be.

At the time of the meeting of creditors, Feb 16, 2009, the debtors had not filed the income tax returns. The trustee continued the meeting to a time when the debtors had a chance to file the income tax returns.

Thereafter the debtors filed the income tax return, determined the extent of the return, advised the trustee, and waited for the return. They were advised by IRS on March 15, 2010, that the refund would be sent by mail within 3-4 weeks.

The debtors made the decision to retain the tax refunds, and to surrender two vehicles, specifically the 2004 Infinity FX 35 valued at $14,950 and the 2003 Mazda 3 with a value of $9,475. These surrendered vehicles have a combined total value of $24,425.

The debtors amended the petition to include the income tax refunds, and to exempt them. The amended petition was filed on March 30, 2010.

Because both debtors are recently retired and the husband is also disabled, they decided that they needed funds, and do not need more than two vehicles. The debtors determined that it was in their best interest to claim as exempt the tax refunds.

Through counsel, the debtors advised the trustee to pick up the vehicles, and in fact made them available at their attorney's office. The autos remained at the office for several days, during which time the trustee refused to pick up the vehicles and instead continued to demand the tax refunds.

On April 7, 2010, the trustee filed an objection to the debtors' claim of exemption, on the basis that the debtors delayed in the filing of the amendment.

In fact, debtors advised the trustee of the Refunds as soon as they determined they had a refund coming, and filed the amendment after they determined that it was in their best interests to

surrender the two vehicles, even though the value of the vehicles far exceed the amount of the Refunds.

Debtors did not attempt to hide the Refunds, and did not unreasonably delay in the filing of the amendment.

Debtors have a right to claim their own exemptions.

Debtors require an order compelling the trustee to abandon the tax refunds because he is continuing to refuse to pick up the automobiles and to demand the tax refund.

WHEREFORE:

Debtors pray the Court order the trustee to abandon the 2009 income tax returns.

Dated this 13th DAY OF April 2010

/s/ Timothy J. Walsh
TIMOTHY J. WALSH
ATTORNEY AT LAW